UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF TENNESSEE

GUSSIE TARRANT, )
  ) 
    Plaintiff )
  )
v. ) Case No.:
  )
PORTFOLIO RECOVERY ASSOCIATES, ) **COMPLAINT AND DEMAND FOR**
LLC., ) **JURY TRIAL**
  )
    Defendant ) **(Unlawful Debt Collection Practices)**
  )

## COMPLAINT

GUSSIE TARRANT ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Tennessee, therefore, personal jurisdiction is established.

- 1 -

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

6. Plaintiff is a natural person residing in Old Hickory, Tennessee, 37138.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with corporate headquarters located at 140 Corporate Boulevard, Norfolk, Virginia, 23502.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**PRELIMINARY STATEMENT**

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The

substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15. At all relevant times, Defendant was attempting to collect an alleged consumer

debt from Plaintiff.

16. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. On or around January 18, 2011, Defendant sent its first written correspondence to Plaintiff seeking and demanding payment of $810.17. See Exhibit A, Defendant's January 18, 2011, letter to Plaintiff.

18. Defendant failed to conspicuously identify the creditor of the account, instead referencing "Sears National Bank" without any indication of their relationship to the alleged debt. See Exhibit A.

19. Defendant's letter is titled "IT'S 2011 AND WE HAVE SPECIAL OFFERS JUST FOR YOU!" and states that Plaintiff can choose one of three payment options. See Exhibit A.

20. Defendant's options are stated as: (1) a single settlement lump payment of $460.00; (2) three payments of $176.00 each; or (3) twelve payments of $47.00 each; however, Defendant's letter failed to set forth any option to dispute the debt and/or seek verification of the debt. See Exhibit A.

21. Noticeably absent from Defendant's letter is the 15 U.S.C. §1692g notice that advises Plaintiff of her right to dispute the debt and/or request verification of the debt.

22. Had Defendant provided an appropriate communication in accordance with 15 U.S.C. §1692g, Plaintiff would have been alerted to her right to validate and question the amount claimed and the legal obligation to do so.

23. Defendant's settlement offer coupled with the lack of 15 U.S.C. §1692g notice, make Plaintiff believe that the only option she has is to pay the alleged debt.

24. Furthermore, Defendant's letter boldly states that Plaintiff must remit payment

- 4 -

Case 3:11-cv-00664    Document 1    Filed 07/11/11    Page 4 of 11 PageID #: 4

PLAINTIFF'S COMPLAINT

"NO LATER" than February 18, 2011. See Exhibit A.

25. Defendant gives Plaintiff exactly thirty (30) days to remit payment, which does not provide Plaintiff with adequate response time afforded by the FDCPA for her to assert her rights as stated in 15 U.S.C. §1692g.

26. Defendant's actions in attempting to collect the alleged debt were harassing, misleading and highly deceptive.

**Respondeat Superior Liability**

27. The acts and omissions of debt collectors employed by Defendant and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principle, the Defendant.

28. The acts and omissions by the debt collectors were incidental to, or of some general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

29. By committing these acts and omissions against Plaintiff, the debt collectors were motivated to benefit their principle, the Defendant.

30. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by its collection employees including, but not limited to violations of the FDCPA, in their attempts to collect the alleged debts from Plaintiff.

**CONSTRUCTION OF APPLICABLE LAW**

31. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer

- 5 -

need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

32. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

33. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

# COUNT I
# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

34. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Defendant violated of the FDCPA generally;

   b. Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

   c. Defendant violated § 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

   d. Defendant violated § 1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

   e. Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

   f. Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt; and

   g. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, GUSSIE TARRANT, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, GUSSIE TARRANT, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 07/01/11

KIMMEL & SILVERMAN, P.C.

By: _____

Amy L. Bennecoff, Esq.
BPR # 28563
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
215-540-8888
abennecoff@creditlaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July, 2011, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All parties that have been served are listed below and will be served by regular U.S. Mail, first-class, postage pre-paid. Parties may access this filing through the Court's electronic filing system.

PORTFOLIO RECOVERY ASSOC., LLC
120 Corporate Boulevard
Norfolk, VA 23502

RESPECTFULLY SUBMITTED,

DATED: 07/01/11

KIMMEL & SILVERMAN, P.C.

By:_____

Amy L. Bennecoff, Esq.
BPR # 28563
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
215-540-8888
abennecoff@creditlaw.com
Attorney for Plaintiff

- 9 -

WHEREFORE, Plaintiff, GUSSIE TARRANT, respectfully prays for a judgment as follows:

    a.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, GUSSIE TARRANT, demands a jury trial in this case.

DATED: 07/05/11

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

By: _____

Amy L. Bennecoff, Esq.
BPR # 28563
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
215-540-8888
abennecoff@creditlaw.com
Attorney for Plaintiff

- 8 -

PLAINTIFF'S COMPLAINT

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July, 2011, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All parties that have been served are listed below and will be served by regular U.S. Mail, first-class, postage pre-paid. Parties may access this filing through the Court's electronic filing system.

PORTFOLIO RECOVERY ASSOC., LLC
120 Corporate Boulevard
Norfolk, VA 23502

RESPECTFULLY SUBMITTED,

DATED: 07/0511

KIMMEL & SILVERMAN, P.C.

By: _____

Amy L. Bennecoff, Esq.
BPR # 28563
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
215-540-8888
abennecoff@creditlaw.com
Attorney for Plaintiff

- 9 -

PLAINTIFF'S COMPLAINT