IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GUSSIE TARRANT,               )
                                       )
     Plaintiff,            )
v.                           )     No. 3:11-00664
                                     )     JUDGE HAYNES
PORTFOLIO RECOVERY     )
ASSOCIATES, LLC,         )
                                     )
     Defendant.         )

## MEMORANDUM

Plaintiff, Gussie Tarrant, filed this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., against the Defendant Portfolio Recovery Associates, LLC. Plaintiff asserts claims of unfair and unconscionable practices in the collection of her debt and use of false, deceptive, or misleading means to collect that debt, as well as Defendant's harassment in the collection of that debt. Plaintiff also asserts that Defendant failed to send written notification within five days of its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt.

Before the Court is Defendant Portfolio Recovery Associates, LLC's motion for partial dismissal of Plaintiff's complaint (Docket Entry No. 5), contending, in sum: (1) that Plaintiff fails to state facts that Defendant's letter was harassing in violation of Section 1692d; (2) that Plaintiff fails to provide any facts that the allegations in the letter are "false, deceptive or misleading" in violation of Sections 1692e and 1692e(10); and (3) that Plaintiff's 1692f claim is based solely on the same conduct that forms the basis of her Section 1692g claim. Defendant argues that Plaintiff's failure to provide sufficient facts renders these claims dismissible under recent Supreme Court precedents. In response (Docket Entry No. 13), Plaintiff argues that her

1

factual allegations are sufficient to state viable claims under Sections 1692d, 1692e, 1692e (10), and 1692f of the FDCPA. (Docket Entry No. 13). Defendant filed a reply (Docket Entry No. 14), contending that Plaintiff has not alleged the level of conduct required to maintain a claim under Section 1692d; that Plaintiff's Section 1692e claim is a restatement of her Section 1692g claim; and that Plaintiff has failed to rebut Defendant's assertion that Plaintiff's Section 1692f claim is improperly based on the same conduct as her Section 1692g claim.

## A. ANALYSIS OF THE COMPLAINT

According to Plaintiff's complaint, on January 18, 2011 Defendant sent Plaintiff a letter seeking payment of $810.17. (Docket Entry No. 1, Complaint at ¶17). This alleged debt arose out of transactions primarily for personal, family, or household purposes. Id. at ¶16. Plaintiff alleges the letter is entitled "its 2011 AND WE HAVE SPECIAL OFFERS JUST FOR YOU!"[1] Id. at ¶19. Below this header are three boxes that contain three different "Settlement Option[s]" from which Plaintiff could choose: (1) a single settlement lump payment of $460.00; (2) three payments of $176.00 each; or (3) twelve payments of $47.00 each. Id. at ¶20.

Plaintiff asserts that the Defendant's letter did not include a notice advising Plaintiff of her right to dispute the debt and/or to request verification of the debt, as required by 15 U.S.C. §1692g. Id. at ¶ 21. Plaintiff further asserts that the letter states that Plaintiff must remit payment no later than February 18, 2011 that was effectively less than the thirty days required by 15 U.S.C. § 1692g. Id. at ¶24. Plaintiff asserts that Defendant's letter's listing of only three options available to Plaintiff was harassing, misleading, and highly deceptive. Id. at ¶ 26.

---

[1] Contrary to Plaintiff's assertion, See Complaint at ¶ 17, Defendant's January 18, 2011 letter to Plaintiff is not attached as "Exhibit A" to Plaintiff's Complaint.

2

## B. CONCLUSIONS OF LAW

Defendant argues that Plaintiff's complaint lacks sufficient factual allegations to state plausible claims under Sections 1692d, 1692e and 1692f. Specifically, Defendant contends that Plaintiff has failed to explain which statements in Defendant's letter violate Section 1692d. Defendant cites Plaintiff's complaint's lack of any alleged facts of how the statements in the letter are false or deceptive in violation of Section 1692e. Finally, Defendant asserts that Plaintiff's use of the January 18, 2011 mailing of the letter as the basis for both her Section 1692f and Section 1692g claims is improper.

In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), a prisoner civil rights claim the Supreme Court reiterated the governing rules for deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555, 127 S.Ct. 1955 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557, 127 S.Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " Id., at 557, 127 S.Ct. 1955 (brackets omitted).

3

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.
>
> Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.
>
> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. 1949-50 (emphasis added). As the Sixth Circuit, observed in <u>Patterson v. Novartis</u> <u>Pharm. Corp.</u>, No. 10–5886, 2011 WL 3701884, *1 (6th Cir. 2011), "[m]erely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient." (quoting <u>Iqbal</u>, 129 S.Ct. at 1949–50). Yet, "reasonable inferences" from the allegations must be accepted. <u>Harvey v. Great Seneca Financial Corp.</u>, 453 F.3d 324, 328 (6th Cir. 2006).

The relevant provisions of the FDCPA that Plaintiff relies upon for her claims are as follows:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse" a debtor.
>
> 15 U.S.C. § 1692d.
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following is a violation of section.
>
> 15 U.S.C. § 1692e.

4

use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
15 U.S.C. 1692(e)(10).

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt…

15 U.S.C. § 1692f.

(a) Notice of debt; contents

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

\*          \*          \*

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

(b) Disputed debts
If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not

5

overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability
**The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

15 U.S.C. § 1692g(a) through (c) (emphasis added).

The Sixth Circuit has held that the determination of whether a violation of FDCPA occurred, should be analyzed from the view of the least sophisticated consumer. See Smith v. Transworld Sys., Inc., 953 F.2d 1025, 1028 (6th Cir. 1992). The purpose for using the "least sophisticated consumer" standard is to "ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). Moreover, identical facts can constitute distinct violations of different provisions of the FDCPA. See Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1364-65 (N.D. Ga. 2011) (finding the same facts state violation of sections 1692d(6) and 1692e(11)).

Plaintiff relies on the following omissions from the Defendant's letter for her FDCPA claims: (1) Defendant's failure to notify Plaintiff of her right to dispute or to request verification of the debt; (2) Defendant's letter with only three options to pay suggested the lack of any other option; and (3) that Defendant's letter's payment date did not permit her adequate time to dispute the debt and/or request verification that "overshadows" Plaintiff's rights under the FDCPA. Plaintiff contends that these omissions, payment options and time limit were intended by Defendant to bully Plaintiff into making immediate payment and thereby violated Section 1692d.

The types of conduct actionable under § 1692d include use or threat of use of violence, use of obscene or profane language, causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass. 15 U.S.C. § 1692d(1)(2) and (5). Yet, Section 1692d also

6

prohibits any "misleading misrepresentation." Yet, not every tactic intended to embarrass, upset, or frighten a debtor violates Section 1692d. Harvey, 453 F.3d at 330. Although the Defendant's letter does not reflect facts similar to some express prohibited acts in the subsections of Section 1692d, the Defendants' omissions of Plaintiff's rights Section 1692g renders Defendant's demand letter "misleading" under Section 1692d. The Court concludes that Plaintiff's complaint alleges facts to state a Section 1692d claim.

As to Plaintiff's claim under Sections 1692e and 1692e (10), Plaintiff alleges as misleading the Defendant's letter's failures to provide Plaintiff with the option of disputing or demanding verification of the debt least sophisticated consumer, and thereby led Plaintiff to believe repayment, was her only option. Applying the relevant standard, the Court concludes that without these statutory disclosures, the least sophisticated consumer could conclude that the only payment options were the specified options in the Defendant's letter. Given 1692g's requirements for disclosures, the Court concludes that the Defendant's letter can plausibly be found to be "deceptive or misleading" so as to state claims under Sections 1692e and 1692e(10).

As to Plaintiff's Section 1692f claim, that section prohibits a debt collector from using "unfair or unconscionable" means in attempting to collect a debt. 15 U.S.C. § 1692f. Here, the Court concludes that Defendant's letter's failure to disclose Plaintiff's rights under the Section 1692g that the Defendant is under a legal duty to disclose, constitutes an "unfair" practice under Section 1692f. The letter is "unfair" because if permitted, such a letter would effectively set aside Plaintiff's FDCPA rights.

As to Plaintiff's Section 1692g claim, the bolded portions of this section quoted supra at 5, reflect a five (5) day period from the Defendant's initial communication with the Plaintiff, by which the Defendant must inform Plaintiff of her right to challenge the debt and if disputed,

Defendant must provide verification of the debt within 30 days. 15 U.S.C. § 1692g(a)(3)(4). In addition, Plaintiff could require the original creditor's name and address. 15 U.S.C. § 1692g(a)(5). Plaintiff's failure to dispute the debt can result in an admission of liability. 15 U.S.C. § 1692g(c). Thus, these omissions are material and actionable under Section 1692g. Moreover, the Defendant's letter also refers to the 30 days as measured from the date of its letter, but Courts have held that to make, the 30 days period in Section 1692g effective, the 30 days commences from "**receiving** a communication from the debtor." Jacobson v. Healthcare Financial Servs., 576 F.3d 85, 95 (2d Cir. 2009) (citing authorities) (emphasis in the original). Here, from Plaintiff's allegations, the Defendants letter did not comply with Section 1692g.

Accordingly, the Court concludes that the Defendant's motion for partial dismissal (Docket Entry No. 5) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the 24th day of October, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge

8